UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Carolyn E. O'Connor, )
   )
      Plaintiff, )
   )
v. ) Civil Action No. 20-547 (UNA)
   )
   )
S.O.M.E., *et. al.*, )
   )
      Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

The plaintiff, who resides in housing provided by S.O.M.E., a non-profit organization in the District of Columbia, is "complaining of discrimination, personal injury and monetary loss, due primarily to negligence and intentional acts . . . with regard to Plaintiff's complaints" about her living conditions. Compl. at 1. The plaintiff alleges that, as "a Caucasian, aged female," she is "an extreme minority" who "is being harassed [and bullied] by the Black-American tenants" and "by management" in the building where she lives, yet the defendants have ignored or otherwise

1

failed to respond to her concerns. *See id*. at 1-2. *Id*. Further, it appears that she may face eviction for her alleged violations of the terms of her lease. *See id*. at 2. The plaintiff demands $400 million in compensatory damages and $400 million in punitive damages. *Id*. at 2.

The plaintiff has neither identified the basis of federal jurisdiction nor alleged sufficient facts to state a federal claim against the private defendants. In addition, the complaint does not allege any facts about the parties' citizenship for the purpose of determining whether the Court has diversity jurisdiction. *See Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (it is a "well-established rule" that in order for an action to proceed in diversity, the citizenship requirement must be "assessed at the time the suit is filed"). Therefore, this case will be dismissed. A separate order of dismissal accompanies this Memorandum Opinion.

Date: April 7, 2020

/s/
AMY BERMAN JACKSON
United States District Judge